**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CRAIG ENERGY, LLC, | ) | Case No. 16-11308 HRT |
| | ) | Chapter 7 |
| Debtor. | ) | |

**ORDER GRANTING MOTION TO APPROVE STIPULATED ORDER REGARDING MOTION OF WELLS FARGO EQUIPMENT FINANCE, INC., AS A SUCCESSOR IN INTEREST TO GE CAPITAL COMMERCIAL INC. AND CF EQUIPMENT LOANS, LLC, FOR RELIEF FROM THE AUTOMATIC STAY, OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

This matter is before the Court on the Motion to Approve Stipulated Order Regarding Wells Fargo Equipment Finance, Inc., as a successor in interest to GE Capital Commercial, Inc. and CF Equipment Loans, LLC for Relief from the Automatic Stay, or, in the Alternative, for Adequate Protection Motion for Relief from Automatic Stay ("Motion") filed by Harvey Sender, Chapter 7 trustee (the "Trustee"). The Court after examining the Motion and the Stipulated Order Regarding Wells Fargo Equipment Finance, Inc., as a successor in interest to GE Capital Commercial, Inc. and CF Equipment Loans, LLC for Relief from the Automatic Stay, or, in the Alternative, for Adequate Protection Motion for Relief from Automatic Stay (the "Stipulation") (Docket No. 52), finds that (i) sufficient notice of the Motion has been given and no other or further notice or opportunity to be heard is necessary or warranted; and (ii) good cause exists to grant the Motion and approve the Stipulation, and therefore

ORDERS as follows:

1. The Motion is GRANTED;

2. The Stipulation is approved and made an Order of the Court;

3. Lender[1] is granted relief from the automatic stay in order to proceed to take possession of, by way of appointment of a receiver and otherwise, and to foreclose on the Collateral. Relief from stay shall be effective immediately upon the entry of this order;

4. Within fourteen (14) days of the sale of the Collateral, Lender shall provide the Trustee with a detailed report of sale; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Stipulation.

5. Nothing contained in either this order or the Stipulation shall limit the Trustee's rights and remedies, nor be construed as an admission, with respect to: (1) the validity of the Agreement; (2) the extent, validity and perfection of Lender's purported liens against the Collateral; (3) any and all claims, defenses or otherwise by the Trustee arising under or relating to Chapter 5 of the United States Bankruptcy Code; and (4) any and all other claims, defenses or otherwise by the Trustee.

DATED: March 21, 2016

BY THE COURT:

*Howard Tallman*

Honorable Howard R. Tallman
United States Bankruptcy Judge